**FILED & ENTERED**

**NOV 05 2013**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** Gonzalez **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Soheila Labib<br><br>                              Debtor(s). | CHAPTER 7<br><br>Case No.: 1:05-bk-21422-MT<br>Adv No:   1:12-ap-01225-MT |
| David K Gottlieb<br><br>                             Plaintiff(s),<br>     v.<br><br> Bossio & Associates A Professional Law Corporation<br><br>                             Defendant(s). | **MEMORANDUM OF DECISION RE CHAPTER 7 TRUSTEE'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY FOR PARTIAL SUMMARY ADJUDICATION OF ISSUES**<br><br>Date:        June 12, 2013<br>Time:       1:00 p.m.<br>Courtroom:   302 |

   Sohelia Labib ("Debtor") is an individual who, from 1997 up to at least October 2005, lived in an apartment owned and/or managed by George Demircift ("Landlord") located at 10823 Hortense St., no. 202, North Hollywood, CA 91602 (the "Apartment").

   On October 14, 2005 (the "Petition Date"), Debtor filed a voluntary chapter 7 petition. Sometime before the petition date, starting in 2002, Debtor asserted that she was exposed to toxic mold in the Apartment. Plaintiff's Request for Judicial Notice ("RJN"), Ex. I, 4:20-28; Defendant's Opposition, Ex. A, ¶ 2. Debtor knew that she had a potential cause of action against Landlord no later than October 2005 (the "Cause of Action"). Plaintiff's Request for Judicial Notice ("RJN"), Ex. I, 7:15-18; Dec. of David K. Gottlieb in Support of Motion for

Summary Judgment (the "Gottlieb Declaration"), Ex. B.  Nevertheless, Debtor did not list the Cause of Action in her bankruptcy schedules that were filed the same month.  Plaintiff's Request for Judicial Notice ("RJN"), Ex. B.  Debtor also failed to otherwise disclose the Cause of Action or any other asset of significant value. Gottlieb Declaration, 2:20:24.  Due to Debtor's failure to disclose the potential cause of action, the chapter 7 trustee ("Trustee") filed a no asset report on March 2, 2006. Id. at 2:25:27.  Debtor received a discharge on March 21, 2006 and the bankruptcy case was closed on March 29, 2006.

After the closing of the bankruptcy case, Debtor asserted the Cause of Action by filing two complaints in the Los Angeles Superior Court (the "LASC").  The first was dismissed without prejudice on June 6, 2008.  On July 1, 2008, Debtor filed a second complaint against Landlord (the "Second State Court Action").  Plaintiff's RJN, Ex. H.  On or around June 22, 2009, after the Second Complaint was filed, Defendant Bossio & Associates, a Professional Law Corporation ("Defendant") substituted in for Debtor's previous state court counsel in the Second State Court Action. Defendant's Opposition, 2:19-20.

At some point, Landlord learned of Debtor's bankruptcy case and Debtor's failure to disclose the Cause of Action in the bankruptcy case.  On September 24, 2009, Landlord's counsel gave Defendant notice of Debtor's bankruptcy case and Landlord's belief of the ramifications of Debtor going forward on the Second Complaint. Gottlieb Declaration, Ex. C.  On September 29, 2009, Landlord's counsel filed an application in the Second State Court Action by which Landlord sought to dismiss or stay the Second State Court Action on the ground that the Cause of Action was property of Debtor's bankruptcy estate and Debtor had no standing to pursue the Cause of Action ("Landlord Dismissal Application"). Plaintiff's RJN, Ex. H.  After Landlord filed its Landlord Dismissal Application, Defendant had notice of Debtor's bankruptcy no later than September 29, 2009 because it filed an Opposition to the Landlord Dismissal Application on that same date. Plaintiff's RJN in Support of Reply to Defendant's Response to MSJ, Ex. K.

After the LASC denied Landlord's application, Defendant proceeded to settle the Second State Court Action with Landlord on or about October 8, 2009.  No contact was initiated as between Trustee and Defendant at that time. MSJ, 7:15-17; Defendant's Opposition, 4:9-11.  Landlord forwarded to Trustee the initial letter Landlord's counsel received from Debtor's previous counsel, dated November 16, 2005, informing Landlord of Debtor's claims re toxic mold. Gottlieb Declaration, Ex. B.

On or about December 2, 2009, Landlord's counsel informed Trustee that a settlement had been reached. Gottlieb Declaration, 3:6-8.  On December 16, 2009, Landlord's counsel informed Trustee that Landlord's counsel had, as per the settlement, forwarded the settlement checks to Defendant (as Debtor's counsel) on November 10, 2009. Id. at 3:11-14.

On or about December 18, 2009, Trustee sent a letter to Defendant and to Debtor demanding turnover of the settlement proceeds. Id., Ex. G.  Trustee received no response from either Debtor or Defendant.  On January 7, 2010, the Court entered an Order Granting Trustee's Motion to Vacate Order Closing the Case and to Reopen the Case. Plaintiff's RJN, Ex. L.

After reopening the bankruptcy case, Trustee proceeded to investigate and obtain information about the Cause of Action and the proceeds of the settlement, details of which Trustee asserts he had not previously been apprised.  On December 8, 2010, Trustee filed a Motion for Turnover of the Settlement Proceeds and to Provide an Accounting Thereof (the "Turnover Motion").  On February 16, 2013, Debtor then filed an amended Schedule C, asserting that the entire settlement proceeds were exempt, and opposed the Turnover Motion.

On or about February 15, 2012, Trustee, Debtor and Robert Noghli (trustee of Debtor's special needs trust) entered into a Settlement Agreement (the "Exemption Settlement Agreement") wherein Debtor agreed that the portion of the total settlement proceeds that Defendant received, totaling $167,842.64 (the "Partial Settlement Proceeds") were not exempt. Motion for Order Approving Settlement Between Trustee, Debtor, and Robert Noghli, ECF. doc. no. 53. The Court entered an Order Approving the Compromise on March 8, 2012. Pursuant to the Settlement Agreement, Debtor filed an amended Schedule C by which she withdrew her claim of exemption in the Partial Settlement Proceeds.

On July 3, 2013, Trustee filed an adversary seeking turnover under 11 U.S.C. § 542(a) of the Partial Settlement Proceeds.

**Standard**

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FRCP 56(c) (incorporated by FRBP 7056).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts that show a genuine issue for trial. Id. at 324. The court must view the evidence in the light most favorable to the nonmoving party. Bell v. Cameron Meadows Land Co., 669 F.2d 1278, 1284 (9th Cir.1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. Hector v. Wiens, 533 F.2d 429, 432 (9th Cir.1976). The inference drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Valadingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir.1989). Where different ultimate inferences may be drawn, summary judgment is inappropriate. Sankovich v. Insurance Co. of N. Am., 638 F.2d 136, 140 (9th Cir.1981).

**Analysis**

I. Property of the Estate under 11 U.S.C. § 541

Under § 541, property of the estate includes, among other things, "all legal and equitable interests of the debtor in property as of the commencement of the case." Prepetition personal injury claims, as well as the settlement proceeds from such claims are property of the bankruptcy estate. Tignor v. Parkinson (In re Tignor), 729 F.2d 977, 981 (4th Cir.1984) *overruled on other grounds* (In re Sherman, 191 B.R. 654, 657 n. 3 (Bankr.E.D.Va.1995)). Thus, the Cause of Action became property of the bankruptcy estate as of the petition date, even though the Cause of Action was not listed in the schedules. Lopez v. Specialty Restaurant Corp. (In re Lopez), 283 B.R. 22, 28 (B.A.P. 9th Cir. 2002). Property that is neither abandoned nor administered remains property of the estate even after the case is closed. See 11 U.S.C. § 541 (property of estate) and § 554(d) (property not abandoned or administered remains property of estate); Pace v. Battley (In re Pace), 146 B.R. 562, 564–66 (B.A.P. 9th Cir. 1992), *aff'd*, 17 F.3d 395 (9th Cir.1994).

Trustee asserts that there is no genuine issue of fact on the issue of whether the Cause of Action, and the Partial Settlement Proceeds resulting therefrom, is property of the estate.

Defendant argues that there is a genuine issue of material fact as to whether or not the Partial Settlement Proceeds would be considered property of the bankruptcy estate because they were generated by her efforts to settle the Cause of Action after the case was closed. Defendant also contends that the Partial Settlement Proceeds cannot be part of the bankruptcy estate because she obtained a lien on said Partial Settlement Proceeds based upon the retainer agreement executed by Debtor and Defendant. Defendant argues that her lien supersedes any claim to the funds. See Alito v. Off'l Creditor Committee (In re Pacific Far East Line, Inc.), 654 F.2d 664 (9th Cir. 1981); Broach v. Mitchell (In re Bouzas), 294 B.R. 318 (Bankr.N.D.Cal. 2003).

Trustee argues in reply that Defendant did not obtain a valid lien against the Cause of Action, or the Partial Settlement Proceeds, because the Cause of Action and the Partial Settlement Proceeds were property of the estate and subject to control of Trustee, not Debtor. Any lien that Debtor purportedly granted to Defendant was invalid because Debtor did not have the authority grant any liens against property of the estate.

Under California law, an attorney's lien takes effect from the date it was created; upon the fund's production, the lien attaches to the specific asset. Alito v. Off'l Creditor Committee (In re Pacific Far East Line, Inc.), 654 F.2d 664, 669 (9th Cir. 1981). Trustee correctly argues, however, that the facts of both Pacific Far East and In re Bouzas are distinguishable because the attorney's liens at issue in those cases were granted by the respective debtors *pre-petition*. In other words, the debtors in Bouzas and Pacific Far East had authority to grant their attorneys a lien on their litigation claims and settlement proceeds because those assets had not yet become property of the estate. Here, the Cause of Action and the Partial `Settlement Proceeds were property of the estate as of the date of the petition, October 14, 2005. Because the Cause of Action, and the Partial Settlement Proceeds, were not administered nor abandoned, they never ceased to be part of the bankruptcy estate. Thus, Debtor had no authority to pursue the Causes of Action, let alone grant Defendant an attorney's lien on the Cause of Action and/or the Partial Settlement Proceeds.

Defendant's argument that it is unclear whether or not Debtor was exposed to the toxic mold in the Apartment prior to October 14, 2005 is belied by the Retainer Agreement that she attached to her Opposition, which lists the "Date of Incident" as 2002 and ongoing. Defendant's Opposition, Ex. A. This argument is further undermined by the fact that Debtor engaged the services of a mold investigation no later than October 18, 2005, and that a letter was sent to Landlord by Debtor's previous attorney on November 16, 2005, wherein she asserted that she had bodily injury and illness due to exposure to toxic mold in the Apartment. Gottlieb Declaration, Ex. A and B. It defies credulity that Debtor would have such a drastic response after only four days of exposure.

For the reasons stated above, the Court finds that there is no genuine issue of material fact, and Trustee is entitled to judgment as a matter of law as to the issue of whether the Cause of Action, and the resulting Partial Settlement Proceeds, are property of the estate.

II. Turnover under 11 U.S.C. § 542(a)

Section 542 states, in pertinent part:

> (a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title [11 USCS § 363], or that the debtor may exempt under section 522 of this

-4-

> title [11 USCS § 522], shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.
>
> …
>
> (c) Except as provided in section 362(a)(7) of this title [11 USCS § 362(a)(7)], an entity that has neither actual notice nor actual knowledge of the commencement of the case concerning the debtor may transfer property of the estate, or pay a debt owing to the debtor, in good faith and other than in the manner specified in subsection (d) of this section, to an entity other than the trustee, with the same effect as to the entity making such transfer or payment as if the case under this title [11 USCS §§ 101 et seq.] concerning the debtor had not been commenced.

11 U.S.C. § 542

To support a cause of action for turnover, the trustee has the burden of proof, by a preponderance of the evidence, to establish that: (1) the property is in the possession, custody or control of a noncustodial third party; (2) the property constitutes property of the estate; (3) the property is of the type that the trustee could use, sell or lease pursuant to section 363 or that the debtor could exempt under section 522, and (4) that the property is not of inconsequential value or benefit to the estate.  5-542 Collier on Bankruptcy P 542.02 (16th Ed., 2013).

A. *Property is in the possession, custody or control of a noncustodial third party*

Defendant further argues that summary judgment is not warranted because she has no funds in her possession to turn over because the funds were distributed prior to the alleged claim of Trustee. Defendant has provided an accounting of the disbursement of the Partial Settlement Proceeds.

The fact that Defendant no longer has possession of the Partial Settlement Proceeds is irrelevant in a turnover analysis under § 542.  The statute requires the delivery of the property or *the value of the property*. Boyer v. Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A. (In re USA Diversified Products, Inc.), 100 F.3d 53, 56 (8th Cir. 1996).  Otherwise, upon receiving a demand from the trustee, "the possessor of property of the debtor could thwart the demand simply by transferring the property to someone else. That is not what the statute says and can't be what it means."  Id.; *accord* Beaman v. Vanderventer Black, LLP (In re Shearin), 224 F.3d 353; *cert. denied* (531 U.S. 1149 (2001); see also Newman v. Schwartzer (In re Newman), 487 B.R. 193 (B.A.P. 9th Cir. 2013).

Property that is neither abandoned nor administered remains property of the estate even after the case is closed Pace v. Battley (In re Pace), 146 B.R. at 564.  Thus, because the Cause of Action was not disclosed in the bankruptcy, it was not abandoned and remained property of the estate.  The bankruptcy estate was in existence when Defendant had possession of the Partial Settlement Proceeds and so it follows that Defendant had possession and/or control over property of the estate during the case.

B. *Property constitutes property of the estate*

As stated above, the Court finds that the Partial Settlement Proceeds is property of the bankruptcy estate.

### C. *Property is of the type that the trustee could use, sell or lease*

The Partial Settlement Proceeds of $167,842.64 is property of the type that Trustee could use, pursuant to his duties as a chapter 7 trustee under § 704, to administer the estate. Defendant makes no argument with respect to this requirement.

### D. *Property is not of inconsequential value or benefit to the estate*

The Partial Settlement Proceeds of $167,842.64 is not of inconsequential value or benefit to the estate. In fact, because this bankruptcy had been deemed a no-asset case, the Partial Settlement Proceeds would be of significant value to the estate because Trustee will be able to make a distribution to Debtor's creditors, who would otherwise receive no distribution.

### E. *Good faith exception to turnover for parties without* actual notice nor actual knowledge of the commencement of the case

Subsection (c) of section 542 provides for an exception to the general rule requiring all entities, except custodians, to turn over property of the estate or pay a debt owing to the debtor to the trustee. If an entity had neither "actual notice nor actual knowledge of the commencement of the case concerning the debtor," and it transfers property of the estate or pays a debt owing to the debtor in "good faith" to a party other than the trustee or the debtor in possession, it will not be required to turn over the property to the trustee. 5-542 Collier on Bankruptcy P 542.04 (16th Ed., 2013). The scope of the phrases "actual notice" or "actual knowledge" is not defined in the Bankruptcy Code. Black's Law Dictionary defines "actual notice" as "notice given directly to, or received personally by, a party." Black's Law Dictionary, 1164 (9th ed. 2009). "Actual knowledge" is defined as "direct and clear knowledge, as distinguished from constructive knowledge," or alternatively as "knowledge of information that would lead a reasonable person to inquire further." Black's Law Dictionary, 950 (9th ed. 2009). The Courts of Appeals for the Seventh and Fourth Circuits have determined that in order to trigger a duty to turn over property, the transferor must have knowledge not only of the bankruptcy filing but also that it is holding property of the estate. Beaman v. Vanderventer Black, LLP (In re Shearin), 224 F.3d at 357. It has also been held that the concept of "knowledge" under section 542(c) includes sufficient knowledge to place a reasonable person on notice, requiring the possessor of property to make reasonable inquiry to determine whether the property belonged to the debtor as of the commencement of the case. Boyer v. Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., (In re USA Diversified Prods., Inc.), 100 F.3d at 57.

Defendant contends that she prosecuted the Second State Court Action three years after the bankruptcy case was closed and she was not aware that a potential claim may have not been disclosed in Debtor's bankruptcy. Defendant claims that, had Trustee contacted her rather than sit idly while knowing that she was going forward with the Second State Court Action, she would have abided Trustee's direction.

Trustee counters Defendant's assertion by pointing out that she not only had knowledge of Debtor's bankruptcy before the matter settled, the Landlord Dismissal Application provided Defendant notice of Trustee's potential claim to the Cause of Action and the Partial Settlement Proceeds. It is Trustee's position that Defendant having filed an Opposition to the Landlord Dismissal Application directly rebuts Defendant's contention that she was not aware of the bankruptcy case or Trustee's claims.

In <u>In re Shearin</u>, *supra*, the court noted that "actual notice" or "actual knowledge of the commencement of the case" is not alone sufficient to impose liability upon a holder of the property of the debtor unless "the relevant knowledge or notice is knowledge or notice to a possessor of property that a bankruptcy proceeding had begun and that the property in the possessor's custody was property of a debtor in that bankruptcy proceeding." <u>Beaman v. Vanderventer Black, LLP (In re Shearin)</u>, 224 F.3d at 357. Here, the Landlord Dismissal Application not only shows Defendant knew that a bankruptcy case had been filed by Debtor, but also that Trustee, as the chapter 7 trustee, may have an interest in the Cause of Action. Whether or not Defendant thought that Landlord's counsel was throwing sand prior to the commencement of settlement talks and a trial, the law cited in the Landlord Dismissal Application was sufficient to place a reasonable person on notice. Thus, Defendant should have been prompted to make reasonable inquiry to determine whether the Cause of Action was an asset that belonged to Debtor as of the commencement of the case.

Defendant makes much of the fact that Trustee did not initiate contact with her upon his learning that Debtor was going forward with the Cause of Action. By its express terms, section 542(a) is self-executing, and does not require that the trustee take any action or commence a proceeding or obtain a court order to compel the turnover. See <u>Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi)</u>, 432 B.R. 812, 823 (B.A.P. 9th Cir. 2010). In <u>Nickless v. McGrail (In re Dooley)</u>, a case cited by Trustee, the court required turnover of a portion of a settlement retained by counsel representing the debtor in a workers' compensation action that was found to be property of the bankruptcy estate. <u>Nickless v. McGrail (In re Dooley)</u>,399 B.R. 340 (Bankr.D.Mass. 2009). The <u>Dooley</u> court required turnover despite the fact that the chapter 7 trustee knew about the cause of acting and the attorney's continued prosecution of the case but took no immediate action, which permitted the debtor's attorney to continue the cause of action to settlement. The <u>Dooley</u> court stated:

> Of course, [the attorney] was not alone in contributing to this difficult situation. [The trustee's] response to being advised as to the possibility of a claim available to the estate appears to have been slow and lacking in vitality. And if [the trustee] really understood that [attorney] was continuing to prosecute the claim, [the trustee's] failure to corral [the attorney] was inexplicable. [The debtor's bankruptcy counsel] contributed first by failing to identify, schedule, and seek to exempt the third-party claim and then by opining to [the attorney] that it was free to settle and make disbursements therefrom because the claim was exempt. And [the attorney], regardless of its good faith, cannot avoid being charged with the greatest portion of blame. Knowing that its original client was now a Chapter 7 debtor, it plowed ahead, prosecuting the claim, arranging for its settlement and actually making disbursements - while relying on the advice of counsel to a client in bankruptcy and not seeking express permission from the Chapter 7 trustee and court approval of its employment in the client's bankruptcy case. Lawyers who engage in personal injury work ought to have a better background in an area of law which leaves them so exposed to criticism and liability.

<u>Nickless v. McGrail (In re Dooley)</u>,399 B.R. at 350.

Defendant in this case is on even shakier ground. In <u>Dooley</u>, the attorney relied to his detriment on the debtor's bankruptcy counsel's assertion that the attorney was free to go ahead in prosecuting the claim. Here, Defendant did not even seek advice of a bankruptcy attorney before completely disregarding the fact that the Cause of Action may have been property of Debtor's bankruptcy estate. Rather than make a reasonable inquiry to determine whether the property, the Cause of Action, belonged to Debtor as of the commencement of the case,

Defendant merely assumed that the Cause of Action could not be affected by Debtor's bankruptcy because three years had passed since it was closed. Failure to make reasonable inquiry makes the exception under § 542(c) unavailable to Defendant.

For the reasons stated above, Trustee has his burden of proof establish that the Partial Settlement Proceeds are subject to turnover under 11 U.S.C. § 542(a).

**Summary Judgment**

Summary judgment is granted because Trustee has demonstrated that there is no genuine issue as to any material fact as to the following (1) the Cause of Action and the Partial Settlement Proceeds constitute property of the estate under 11 U.S.C. § 541(a); and (2) the Partial Settlement Proceeds are required to be turned over to Trustee under 11 U.S.C. § 542(a). Trustee is entitled to a judgment as a matter of law. An Order consistent with this ruling shall be entered separately.

###

Date: November 5, 2013

Maureen A. Tighe
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled MEMORANDUM OF DECISION RE CHAPTER 7 TRUSTEE'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY FOR PARTIAL SUMMARY ADJUDICATION OF ISSUES was entered on the date indicated as AEntered@ on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** B Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of November 5, 2013, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Robert S Altagen    rsaink@earthlink.net
- David Keith Gottlieb (TR)    dkgtrustee@crowehorwath.com, dgottlieb@ecf.epiqsystems.com, renee.johnson@crowehorwath.com
- Benjamin Seigel    bseigel@buchalter.com, IFS_filing@buchalter.com;smartin@buchalter.com
- Marcus Tompkins    mtompkins@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

☐ Service information continued on attached page

**3. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an AEntered@ stamp, the party lodging the judgment or order will serve a complete copy bearing an AEntered@ stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9021-1.1.NOTICE.ENTERED.ORDER**